# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIEL DELLENBAUGH,**<br><br>                Plaintiff,<br><br>   vs.<br><br>**THE CITY OF PITTSBURGH**, a municipal corporation, **CAMERON MCLAY,** et. al. in his Official Capacity as Chief Police Officer for the City of Pittsburgh and in his Individual Capacity; **LUCAS GOBRECHT**, in his Official Capacity as Police Officer for the City of Pittsburgh and in his Individual Capacity; **GABRIEL LAMBRIGHT**, in his Official Capacity as Police Officer for the City of Pittsburgh and in his Individual Capacity; **MICHAEL SOROCZAK**, in his Official Capacity as Police Officer for the City of Pittsburgh and in his Individual Capacity; **JEREMY HURLEY**, in his Official Capacity as K-9 and Police Officer for the City of Pittsburgh, and in his Individual Capacity, **JOHN DOE**, in his Official Capacity as Police Officer for the City of Pittsburgh and in his Individual Capacity**,** and **CITY OF PITTSBURGH BUREAU OF POLICE.**<br>                Defendants.<br><br><br>**JURY TRIAL DEMANDED** | **CIVIL ACTION NO.:**<br><br>**Type of Pleading:**<br>Complaint<br><br>**Nature of Complaint:**<br>1983 Civil Rights Action<br><br>**Filed on Behalf of:**<br>Daniel Dellenbaugh<br><br>**Counsel of Record:**<br>Frank Walker Law<br><br>Frank C. Walker II<br>3000 N. Lewis Run Road<br>Clairton, Pennsylvania 15025<br><br>PA ID# 94840<br>WV ID# 11853<br><br>412.405.8556 Office<br>412.202.9193 Fax<br><br>www.FrankWalkerLaw.com<br>frank@frankwalkerlaw.com<br><br>August 20, 2018 |

## JURISDICTION:

**AND NOW COMES** Daniel Dellenbaugh, by and through his attorney, Frank Walker, of Frank Walker Law, and due to his malicious prosecution and victim of excessive force as the result of the Defendants' violations of his civil and constitutional rights, pleads as follows:

1. This action arises under the Constitution of the United States of America, in particular the Fourth and Fourteenth Amendments and under the laws of the United States of America, particularly the Civil Rights Act Title *42 U.S.C.§ 1983*.

2. The jurisdiction of this Court is invoked under the provisions of Title *28 U.S.C.A. §§ 1331* and *1343*.

## VENUE:

3. Venue is proper in this district because it is where all the parties reside and where the violations of the Plaintiff's constitutional and civil rights occurred.

## PARTIES:

4. The Plaintiff is Daniel Dellenbaugh who is an adult individual currently residing in Allegheny County within the Western District of Pennsylvania.

5. Defendant, City of Pittsburgh, (hereinafter referred to as "City") is a municipal corporation within the Commonwealth of Pennsylvania, with administrative offices located at 414 Grant Street, 5th Floor, Room 512, Allegheny County, Pennsylvania, 15219.

6. Defendant City of Pittsburgh Bureau of Police is a governmental entity which is organized and exists under the laws of the Commonwealth of Pennsylvania, having its principal office located at 1203 Western Avenue Pittsburgh Pennsylvania 15233. Its police officers have jurisdiction on and adjacent in Allegheny County. The Police

Officers of such force are deployed with various weapons including a firearm or canine dog for use in the execution of their duties.

7. Defendant, Cameron McLay, is an individual who was the Chief of Police at the time incident.  He has subsequently resigned due to unrelated matters.  In such capacity as Chief of Police, he was charged with the supervision, direction, and control of the Officers of the City of Pittsburgh traffic stops, use of force, and the use of deadly force. He was also in charge of precluding the use of racial profiling to effectuate arrests, traffic stops, police/citizen interaction and use of force.

8. Defendant Lucas Gobrecht is an adult individual believed to reside in Allegheny County, within the jurisdiction of this Court, who at all times material was acting within the scope of his duties as a police officer for the City of Pittsburgh and who at all times acted under color of state law.

9. Defendant Gobrecht is sued in both his Official and Individual Capacities.

10. Defendant Gabriel Lambright is an adult individual believed to reside in Allegheny County, within the jurisdiction of this Court, who at all times material was acting within the scope of his duties as a police officer for the City of Pittsburgh and who at all times acted under color of state law.

11. Defendant Lambright is sued in both his Official and Individual Capacities.

12. Defendant Michael Soroczak is an adult individual believed to reside in Allegheny County, within the jurisdiction of this Court, who at all times material was acting within the scope of his duties as a police officer for the City of Pittsburgh and who at all times acted under color of state law.

13. Defendant Soroczak is sued in both his Official and Individual Capacities.

14. Defendant Jeremy Hurley is an adult individual believed to reside in Allegheny County, within the jurisdiction of this Court, who at all times material was acting within the scope of his duties as a police officer for the City of Pittsburgh and who at all times acted under color of state law.

15. Defendant Hurley is sued in both his Official and Individual Capacities.

16. Defendant John Doe is an adult individual believed to reside in Allegheny County, within the jurisdiction of this Court, who at all times material was acting within the scope of his duties as a police officer for the City of Pittsburgh and who at all times acted under color of state law.

17. Defendant Doe is sued in both his Official and Individual Capacities.

18. All acts/omissions which resulted in the deprivation of Dellenbaugh's constitutional and civil rights, detailed below, were committed within the Western District of Pennsylvania.

**BACKGROUND**

19. The foregoing paragraphs are hereby incorporated by reference as though set forth fully.

20. The City of Pittsburgh is a governmental entity organized and existing under the laws of the Commonwealth of Pennsylvania. In turn, the City of Pittsburgh is responsible for the development, operation, and supervision of the policing powers.

21. The City of Pittsburgh Bureau of Police is responsible for setting policy, procedures and directives for the operation of its Police Officers and to ensure that policies, procedures and directives established are enforced for the exercise of their police duties; and, are responsible for the development and implementation of policies and

procedures concerning the selection, evaluation, training and supervision of individuals employed as police officers.

22. On or about August 20, 2016, Defendant Gobrecht responded to a call for shots fired while on patrol in the Knoxville area of town.

23. Earlier in the evening, officers received a report of an armed robbery that occurred on the South Side at Larkins Way and 19th Street.

24. The actor of this robber was reportedly tall, of tan complexion, wearing a black t-shirt, tan shorts and brandishing a pistol.

25. Defendant Gobrecht received a description of the vehicle and later identified a gray Toyota Corolla driving by with plate JZV7998.

26. The description of vehicle was put over the air and Defendant Gobrecht identified the driver as being of Middle Eastern or Hispanic descent wearing a black t-shirt and the passenger as wearing a white t-shirt.

27. Defendant Lambright observed the vehicle turn onto Curtain Avenue and short pursuit ensued.

28. A short time later, a 911 call came in for a gray Toyota Corolla crashing into a retaining wall.

29. Three actors were described as leaving the scene.

30. Officers responded to the scene of the crash but did not locate any occupants of the vehicle.

31. About fifteen minutes after the call regarding the crash, Defendants Lambright and Soroczak observed Mr. Dellenbaugh and another individual sitting on a stoop.

32. Defendants admitted that the two individuals had not committed any crimes in their

presence.

33. While one Defendant Officer was talking to one of the individuals, Mr. Dellenbaugh began walking away.

34. Mr. Dellenbaugh did not match the description of either the driver of the car or the robbery suspect and did not have any active warrants.

35. Defendant Soroczak did not see a gun in Petitioner's hand.

36. Defendant Soroczak began yelling at Mr. Dellenbaugh, "Hey, buddy, can I talk to you for a second."

37. Mr. Dellenbaugh committed no crimes and was not required to speak with police.

38. Mr. Dellenbaugh was pursued to a wooded area where Defendant Hurley arrive with K-9 officer Mali.

39. Mr. Dellenbaugh posed no actual or possible immediate threat to any officer or any member of the public.

40. Defendant Hurley released the K-9 who pursued, attacked and bit Mr. Dellenbaugh.

41. The actions of Defendants Gobrecht, Lambright, Soroczak and Hurley were unreasonable and constituted an excessive use of force against Mr. Dellenbaugh, which deprived him of his rights under the 14th and 4th Amendments of the United States Constitution and was the proximate and direct cause of the injuries, complained herein.

42. Resulting from the attack from the K-9 officer, Mr. Dellenbaugh was injured, the injury was a direct result of the excessive force and such excessiveness was unreasonable.

43. Mr. Dellenbaugh was thereafter hospitalized where he required surgery.

44. Mr. Dellenbaugh was treated for his injuries which included, but were not limited to:

      a. Dog Bite to Right knee;

      b. Traumatic Arthrotomy;

      c. Right knee anterior laceration; and

      d. Medial Ligament Tear of deep medial collateral ligament;

45. As a direct and proximate cause of the actions of the Defendant's, Mr. Dellenbaugh also suffered:

      a. Pain;

      b. Suffering and inconvenience;

      c. Physical therapy;

      d. Scarring;

      e. Loss of earnings;

      f. Emotional and psychological difficulty;

      g. Depression;

      h. Medical expenses;

      i. Nervousness; and

      j. Anxiety

46. Nevertheless, Mr. Dellenbaugh was thereafter charged with Escape, Disorderly Conduct, Resisting Arrest and Public Drunkeness even though officers had reason to believe that Mr. Dellenbaugh and the other individual were not involved in either the robbery or the earlier vehicle pursuit.

47. Despite such belief, Defendants decided to proceed with the prosecution.

48. Such decision to proceed was not supported by probable cause, reasonable probable cause or arguable probable cause.

49. Prior to trial selection and with the same belief that Mr. Dellenbaugh committed no crime, Defendant's attempted to induce Mr. Dellenbaugh into a plea agreement.

50. Mr. Dellenbaugh rejected all plea offers, proceeded to trial where he was acquitted of all charges.

51. Based upon the totality of the circumstances, the use of excessive force by the Defendant Officers was not appropriate or reasonable in nature and constituted an excessive use of force against him in violation of the rights and immunities guaranteed to him by the Fourteenth and Fourth Amendments of the United States Constitution.

52. Based upon the totality of the circumstances, the use of excessive force was not appropriate or reasonable in nature and constituted an excessive use of force against him in violation of the rights and immunities guaranteed to Mr. Dellenbaugh by the Fourteenth and Fourth Amendments of the United States Constitution.

53. The City of Pittsburgh Bureau of Police failed to have established and/or enforced established policies, procedures and/or guidelines concerning the nature of the conduct and interaction any Police Officer has with any individual in the discharge of their duties; and, in particular, in the manner in which incidents are investigated, when individuals are to be taken into custody and or arrested, when and the method by which stops are to be effectuated and conducted, and, when, under what circumstances and in what manner an officer is permitted to use force against an individual including the use of a canine officer used to attack an unarmed citizen.

54. Alternatively, if such polices were not being followed by Officers during the exercise of their official duties, appropriate disciplinary action should have been taken by the City of Pittsburgh against the specific officers found to be in noncompliance.

55. The failure by the City of Pittsburgh Bureau of Police to ensure that the established policies and procedures found in the Pittsburgh Bureau of Police Order were being followed by all Officers during the discharge of their official duties rendered the policies and procedures "window dressing," and demonstrates a deliberate indifference by the City of Pittsburgh Police Department to thwart the custom or practice of officers' noncompliance of the Order, and therein resulting in the violation of the constitutional rights ensured to the citizens of the City of Pittsburgh, such as Mr. Dellenbaugh.

56. The errors, omissions and failures of the City of Pittsburgh Bureau of Police were the direct or proximate cause that allowed the inappropriate or unreasonable use of excessive force against Mr. Dellenbaugh in violation of the rights and immunities guaranteed to him by the Fourteenth and Fourth Amendments of the United States Constitution to have occurred.

57. The errors, omissions and failures of the City of Pittsburgh were the direct or proximate cause that allowed the inappropriate or unreasonable use of excessive force against Mr. Dellnbaugh in violation of the rights and immunities guaranteed to him by the Fourteenth and Fourth Amendments of the United States Constitution to have occurred.

58. The errors, omissions and failures of the Cameron McLay in his official capacity were the direct or proximate cause that allowed the inappropriate or unreasonable use of excessive force against Mr. Dellenbaugh in violation of the rights and immunities guaranteed to him by the Fourteenth and Fourth Amendments of the United States Constitution to have occurred.

59. The errors, omissions and failures of the Lucas Gobrecht were the direct or proximate

cause that allowed the inappropriate or unreasonable use of excessive force against Mr. Dellenbaugh in violation of the rights and immunities guaranteed to him by the Fourteenth and Fourth Amendments of the United States Constitution to have occurred.

60. The errors, omissions and failures of the Gabriel Lambright were the direct or proximate cause that allowed the inappropriate or unreasonable use of excessive force against Mr. Dellenbaugh in violation of the rights and immunities guaranteed to him by the Fourteenth and Fourth Amendments of the United States Constitution to have occurred.

61. The errors, omissions and failures of the Michael Soroczak were the direct or proximate cause that allowed the inappropriate or unreasonable use of excessive force against Mr. Dellenbaugh in violation of the rights and immunities guaranteed to him by the Fourteenth and Fourth Amendments of the United States Constitution to have occurred.

62. The errors, omissions and failures of the Jeremy Hurley were the direct or proximate cause that allowed the inappropriate or unreasonable use of excessive force against Mr. Dellenbaugh in violation of the rights and immunities guaranteed to him by the Fourteenth and Fourth Amendments of the United States Constitution to have occurred.

63. At all times relevant hereto, the named Defendants and, were acting under color of state law.

64. At all times relevant whereto, the Defendants were acting directly or through their agents, servants and employees.

## COUNT I. - <u>MALICIOUS PROSECUTION</u>

***DANIEL DELLENBAUGH VS. DEFENDANTS GOBRECHT, LAMBRIGHT, SOROCZAK, DOE AND HURLEY,* IN THEIR OFFICIAL AND INDIVIDUAL CAPACITY -  FEDERAL CIVIL RIGHTS VIOLATION: MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION SECTION 1983 OF THE CIVIL RIGHTS ACT OF 1871.**

65. The foregoing paragraphs are hereby incorporated herein as though set forth fully.

66. The Defendants initiated a criminal process against Mr. Dellenbaugh, specifically, by filing a criminal complaint at OTN # G-752375-1, and subsequent docket number CR 13705-16 in the Court of Common Pleas of Allegheny County, charging him with, *inter alia*, escape, disorderly conduct, resisting arrest and public drunkenness.

67. The criminal proceedings were terminated in the Plaintiff's favor when he was acquitted of all homicide counts on May 12, 2017.

68. No probable cause or even arguable probable cause existed to file the criminal charges against the Plaintiff, nor did these Defendants possess a reasonable belief that probable cause or arguable probable cause existed.

69. No reasonable prosecutor, police officer/detective/chief of police, looking at the totality of the circumstances, would have believed that probable cause, arguable probable cause, or even a reasonable belief that probable cause or arguable probable cause existed.

70. Specifically, the Defendants knew or should have known:

    a. Mr. Dellenbaugh did not fit the description of the individuals involved in the shots fired call;

    b. Mr. Dellenbaugh was unarmed;

     c.  Mr. Dellenbaugh committed no crimes;

     d.  Mr. Dellenbaugh did not fit the description of the individuals involved in the earlier robbery; and

     e.  Mr. Dellenbaugh was not involved in either the robbery or the vehicle pursuit.

71. None of the above information is after-discovered evidence since all of this information existed at the time and was available to the Defendants when they investigated these crimes.

72. The Defendants initiated the criminal proceedings and continued the proceedings against Mr. Dellenbaugh, without probable cause, maliciously and for a purpose other than bringing Plaintiff to justice, that purpose being to obtain and maintain a conviction at any cost, at the expense of and through the deprivation of the civil and constitutional rights of Mr. Dellenbaugh.

73. The Allegheny County District Attorney's Office relied upon and deferred to the Defendant's investigation in bringing charges against and prosecuting Mr. Dellenbaugh.

74. These Defendant officers also misrepresented and concealed material facts from the District Attorney's Office.

75. Mr. Dellenbaugh was and is actually innocent of the criminal offense for which he was charged.

76. The conduct of each of the Defendants was done to deprive and did deprive Mr. Dellenbaugh of the rights guaranteed him under the United States Constitution, including but not limited to his Fourth Amendment Right to be free from a prosecution which lacked probable cause/arguable probable cause/a reasonable belief that probable cause or even arguable probable cause existed.

77. As a direct and proximate result of the Defendant's malicious prosecution of Mr. Dellenbaugh, he suffered an illegal seizure of his person and the deprivation of his liberty, past, present and future emotional and psychological pain, suffering, and emotional distress, humiliation, stress, fear, anxiety, and embarrassment; the stigma of being labeled a criminal, past lost earnings and lost earning capacity; future loss of earnings and lost earning capacity; the loss of the enjoyment of his life, and the loss of other relationships.

78. The above-described actions of the Defendants were done with reckless and/or callous disregard of, and/or indifference to Mr. Dellenbaugh's federally protected 4th Amendment right to be free from a prosecution wholly lacking in probable cause.

79. The Defendant Officers cannot prevail on the defense of qualified immunity because, as set forth in detail above, no reasonable police officer, looking at the totality of the circumstances, would have believed that probable cause, arguable probable cause, or even held a reasonable belief that probable cause or arguable probable cause existed.

80. Furthermore, Mr. Dellenbaugh, as of August 20, 2016, had a clearly established 4th Amendment right to be free from criminal charges lacking probable cause and any reasonable police officer in the shoes of the Defendants would have known that they were violating this clearly established right by filing charges which were wholly unsupported by probable cause, arguable probable cause, or even a reasonable belief that probable cause existed.

**WHEREFORE**, Daniel Dellenbaugh requests entry of judgement against all Defendants or, in the alternative, a trial by jury, all compensatory damages to which he is

entitled, punitive damages, as well as all investigative costs, litigation costs, interest and court costs, attorney fees for all work in this action, and for any other relief which this Honorable Court deems appropriate, whether legal or equitable.


## COUNT II. - <u>FALSE ARREST</u>

***DANIEL DELLENBAUGH VS. DEFENDANTS GOBRECHT, LAMBRIGHT, SOROCZAK, DOE AND HURLEY,* IN THEIR OFFICIAL AND INDIVIDUAL CAPACITY -  FEDERAL CIVIL RIGHTS VIOLATION: FALSE ARREST IN VIOLATION OF THE FOURTH AMENDMENT AND DUE PROCESS CLAUSE OF FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 1983 OF THE CIVIL RIGHTS ACT OF 1871.**

81. The foregoing paragraphs are hereby incorporated herein as though set forth fully.

82. Mr. Dellenbaugh had a substantive due process right under the 4th and 14th Amendments to be free from an unlawful detention and false arrest.

83. No medical or legal justification existed for arresting Mr. Dellenbaugh when the Defendants were unable to establish probable cause, arguable probable cause or reasonable probable cause to support charges against the Plaintiff.

84. The facts available to the Defendants at the time of the arrests did not amount to probable cause for an arrest.

85. However, even if probable cause did exist at the time of arrest, which Plaintiff plainly and specifically denies, such probable cause ceased to exist when Defendant's determined that the other individual who was with Mr. Dellenbaugh was not involved in the earlier incidents.

86. Thus the Defendants engaged in a reckless investigation that resulted in a false arrest

as they failed to engage in fundamental police and/or investigative work.

87. Such elementary investigation and blatant recklessness caused the false arrest of Mr. Dellenbaugh as the Defendants acted solely to obtain a conviction and recklessly ignored evidence that proved Mr. Dellenbaugh's innocence.

88. None of the above information is after-discovered evidence since all of this information existed at the time and was available to the Defendants when they investigated these crimes.

89. The conduct of each of the Defendants was done to deprive and did deprive Mr. Dellenbaugh of the rights guaranteed him under the United States Constitution, including but not limited to his Fourth Amendment Right to be free from a prosecution which lacked probable cause/arguable probable cause/a reasonable belief that probable cause or even arguable probable cause existed.

90. As a direct and proximate result of the Defendant's false arrest of Mr. Dellenbaugh, he suffered an illegal seizure of his person and the deprivation of his liberty, past, present and future emotional and psychological pain, suffering, and emotional distress, humiliation, stress, fear, anxiety, and embarrassment; the stigma of being labeled a criminal, past lost earnings and lost earning capacity; future loss of earnings and lost earning capacity; the loss of the enjoyment of his life, and the loss of other relationships.

91. The above-described actions of the Defendants were done with reckless and/or callous disregard of, and/or indifference to Mr. Dellenbaugh's federally protected 4th Amendment right to be free from a prosecution wholly lacking in probable cause.

92. The Defendant Officers cannot prevail on the defense of qualified immunity because,

as set forth in detail above, no reasonable police officer, looking at the totality of the circumstances, would have believed that probable cause, arguable probable cause, or even held a reasonable belief that probable cause or arguable probable cause existed.

93. Furthermore, Mr. Dellenbaugh, as of August 20, 2016, had a clearly established 4th Amendment right to be free from criminal charges lacking probable cause and any reasonable police officer in the shoes of the Defendants would have known that they were violating this clearly established right by filing charges which were wholly unsupported by probable cause, arguable probable cause, or even a reasonable belief that probable cause existed.

**WHEREFORE**, Daniel Dellenbaugh requests entry of judgement against all Defendants or, in the alternative, a trial by jury, all compensatory damages to which he is entitled, punitive damages, as well as all investigative costs, litigation costs, interest and court costs, attorney fees for all work in this action, and for any other relief which this Honorable Court deems appropriate, whether legal or equitable.

## COUNT III. - _MONELL_ CLAIM

### _DANIEL DELLENBAUGH VS. DEFENDANTS CITY OF PITTSBURGH, CITY OF PITTSBURGH BUREAU OF POLICE AND MCLAY_ - FEDERAL CIVIL RIGHTS VIOLATION: _MONELL_ CLAIM FOR UNCONSTITUTIONAL DISCIPLINE, FAILURE TO TRAIN, FAILURE TO SUPERVISE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 1983 OF THE CIVIL RIGHTS ACT OF 1871.

94. The foregoing paragraphs are hereby incorporated herein as though set forth fully.

95. At the time of the incident, Defendant City of Pittsburgh ("City") and Pittsburgh Bureau of Police had a policy, custom, or practice of failing to properly discipline, supervise, and properly train City of Pittsburgh police officers, including the individual Defendants in this case, to properly conduct investigations, interview witnesses and suspects, and disclose and author affidavits.

96. Further, the Defendant's City and Pittsburgh Bureau of Police pursued a custom, policy and/or procedure of failing to provide appropriate training, instruction and/or follow-up in the requirement to have probable cause to make an arrest and/or the proper role of the recommendation to the prosecuting attorney.

97. Defendant's City, Pittsburgh Bureau of Police and Defendant McLay failed to ensure that its police officers would conduct constitutionally adequate investigations, refrain from unconstitutional interrogation techniques, obtain probable cause to ensure that suspects would not be falsely arrested, and/or maliciously prosecuted.

98. By failing to ensure the most fundamental training and instruction indicative of a competent police officer/investigator/detective, the City and Defendant McLay encouraged the same misconduct deriving from their abject failure.

99. The final policymakers for the City of Pittsburgh had actual or constructive knowledge

of these unconstitutional practices yet failed to take any reasonable or adequate steps to remedy them.

100.    The failure of the City and Pittsburgh Bureau of Police to train law enforcement officers as described herein shows a deliberate and/or conscious disregard for the constitutional due process generally and Mr. Dellenbaugh specifically.

101.    The City and Pittsburgh Bureau of Police knew that its current training regimen failed to prevent tortious conduct by officers.

102.    As a result of the City of Pittsburgh and Pittsburgh Bureau of Police failing to train law enforcement officers, and from their defective policies, procedures, practices, customs or directives informally adopted by custom (hereinafter referred to as "policy") of Defendant, Mr. Dellenbaugh was injured.

103.    Such injury resulted from the following customs, actions, directives, and polices of the Defendant:

a.  The City of Pittsburgh and Pittsburgh Bureau of Police failed to train Defendant Officers to conduct an effective investigation and/or failed to exhibit a modicum of fairness or objectivity when conducting an investigation;

b.  The City of Pittsburgh and Pittsburgh Bureau of Police failed to train Defendant Officers to investigate crimes without a reckless and deliberate indifference for the truth;

c.  The custom of hiring and retaining officers such as Defendant Officers named herein despite their deliberate indifference to and reckless disregard for the truth when conducting investigations, more specifically, the investigation of Mr. Dellenbaugh;

d. The custom of advancing officers to supervisory roles such as Defendant officers despite their deliberate indifference to and reckless disregard for the truth when conducting investigations, more specifically, the investigation of the Mr. Dellenbaugh;

e. A policy and custom of failing to adequately or properly train or discipline its officers, such as Defendant Officers, so as to prevent untrained and/or mistrained behavior from injuring members of the public;

f. A policy and custom of improperly or inadequately investigating complaints of untrained and/or mistrained behavior on the part of its officers;

g. A policy and custom of allowing officers, such as Defendant Officers, to engage in untrained and/or mistrained behavior, to continue service with the public without any reprimand or discipline.

104. Plaintiff further alleges, upon information and belief, that:

a. the Defendant City and Pittsburgh Bureau of Police failed to train, supervise, and discipline its police officers;

b. any program that was provided by the Defendant City or Pittsburgh Bureau of Police to train, supervise, and discipline its police officers was inadequate to enable said officers to carry out their duties;

c. the Defendant City and Pittsburgh Bureau of Police were aware of the obvious need for and inadequacy of said programs, so as to result in the violation of Constitutional rights;

d. the Defendant City and Pittsburgh Bureau of Police knew or should have known that the failure to properly train, supervise, and discipline its police officers was

likely to result in the violation of Constitutional rights;

    e.  The Defendant City policymakers were deliberately indifferent to the need for such training, supervision, and discipline to protect the rights of Plaintiff and other citizens;

    f.  Such indifference has created an environment which encourages police officers to engage in misconduct, take the law into their own hands.

105.   As a result of the Defendant City of Pittsburgh's and Pittsburgh Bureau of Police failure to train, supervise, and discipline its officers, the Mr. Dellenbaugh has suffered a trial on unsupported criminal charges, physical injuries, past, present and future emotional and psychological pain, suffering, and emotional distress, humiliation, stress, fear, anxiety, and embarrassment; the stigma of being labeled a criminal, past lost earnings and lost earning capacity; future loss of earnings and lost earning capacity; the loss of the enjoyment of his life, and the loss of other familial relationships.

    **WHEREFORE**, Daniel Dellenbaugh requests entry of judgement against all Defendants or, in the alternative, a trial by jury, all compensatory damages to which he is entitled, punitive damages, as well as all investigative costs, litigation costs, interest and court costs, attorney fees for all work in this action, and for any other relief which this Honorable Court deems appropriate, whether legal or equitable.

## COUNT IV. – <u>ASSAULT AND BATTERY</u>

### *DANIEL DELLENBAUGH VS. DEFENDANT HURLEY*

106.   The foregoing paragraphs are hereby incorporated herein as though set forth fully.

107.   Defendant Hurley released a canine to attack Mr. Dellenbaugh without any just or reasonable cause for the same.

108.   As a result of Defendant Hurley's actions, Defendant Hurley committed an unlawful assault and battery upon the person of Mr. Dellenbaugh.

109.   Resulting from the assault and battering, Mr. Dellenbaugh suffered injuries and was treated for the same, which included, but were not limited to:

   a.   Dog Bite to Right knee;

   b.   Traumatic Arthrotomy;

   c.   Right knee anterior laceration; and

   d.   Medial Ligament Tear of deep medial collateral ligament;

110.   As a direct and proximate cause of the actions of the assault and battery Mr. Dellenbaugh also suffered:

   a.   Pain;

   b.   Suffering and inconvenience;

   c.   Physical therapy;

   d.   Scarring and disfigurement;

   e.   Loss of earnings;

   f.   Emotional and psychological difficulty;

   g.   Depression;

h.  Medical expenses;

i.  Nervousness; and

j.  Anxiety

111.  Mr. Dellenbaugh further suffered the following resulting from the assault and battery: past, present and future emotional and psychological pain, suffering, and emotional distress, humiliation, stress, fear, anxiety, and embarrassment; the stigma of being labeled a criminal, past lost earnings and lost earning capacity; future loss of earnings and lost earning capacity; the loss of the enjoyment of his life,  and the loss of other familial relationships.

**WHEREFORE**, Daniel Dellenbaugh requests entry of judgement against all Defendants or, in the alternative, a trial by jury, all compensatory damages to which he is entitled, punitive damages, as well as all investigative costs, litigation costs, interest and court costs, attorney fees for all work in this action, and for any other relief which this Honorable Court deems appropriate, whether legal or equitable.


## COUNT V – <u>VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS</u>

### *DANIEL DELLENBAUGH VS. DEFENDANTS GOBRECHT, LAMBRIGHT, SOROCZAK, DOE AND HURLEY,* IN THEIR OFFICIAL AND INDIVIDUAL CAPACITY

112.  The foregoing paragraphs are hereby incorporated herein as though set forth fully.

113.  Defendants' actions errors and omissions, as more fully described in the factual section of the within complaint, constituted violations of Mr. Dellenbaugh's rights, privileges and immunities, as secured by the Fourth and Fourteenth Amendments to the United States Constitution.

114.    Said rights, privileges and immunities include the right to body integrity; the right to be free from the use of excessive force; the right to be free from unreasonable seizures and searches.

115.    The acts of the Defendants were done with the purpose and intent of depriving Mr. Dellenbaugh of his rights secured to him by the Fourth and Fourteenth Amendments to the United States Constitution.

116.    The acts of the Defendants, as set forth in this complaint, were done willfully, maliciously and/or with a callous disregard and reckless indifference to and disregard of the rights, immunities and privileges guaranteed to Mr. Dellenbaugh by the Fourth and Fourteenth Amendments to the United States Constitution.

**WHEREFORE**, Daniel Dellenbaugh requests entry of judgement against all Defendants or, in the alternative, a trial by jury, all compensatory damages to which he is entitled, punitive damages, as well as all investigative costs, litigation costs, interest and court costs, attorney fees for all work in this action, and for any other relief which this Honorable Court deems appropriate, whether legal or equitable.

**JURY TRIAL DEMANDED AS TO ALL CLAIMS.**

/s/ Frank C. Walker II
**Frank C. Walker, II**
**PA ID No. 94840**
**WV ID No. 11853**

**FRANKWALKERLAW**
3000 N. Lewis Run Road
Clairton, Pennsylvania 15025

www.FrankWalkerLaw.com
frank@frankwalkerlaw.com

August 20, 2018                               412. 405.8556/ 412. 202. 9193 Fax